## CIRCUIT COURT OF WISE COUNTY

Donald Joe Yorke
and Gladys Yorke

v.

State Farm Mutual Ins. Co.

August 27, 1999

Case No. L98-160

BY JUDGE FORD C. QUILLEN

The above-styled action alleging blasting damage is pending in Wise County Circuit Court between homeowners, Donald Joe Yorke and Gladys Yorke, and State Farm Insurance Company, which has their homeowner's policy. The plaintiffs' home is located in Powell Valley near a working quarry, which is managed by Vulcan Materials Company.

Previously, in the Circuit Court of Wise County, the Yorkes had filed a suit against Vulcan Materials Company, alleging blasting damages and nuisance. This case was removed to federal court and tried on April 6, 1999.

The action in federal court was amended to ask for any damages from blasting and nuisance which were proximately caused by the defendant, Vulcan Materials, through the date of April 4, 1999. In the federal court case, the jury was required to return special verdicts. The first verdict was in regard to the question of blasting damages. The special issue presented to the jury was: "Do you find by a preponderance of the evidence that the blasting activities of Defendant Vulcan Materials Company were the proximate cause of damage to the Plaintiffs' home?" The jury answered, "No." (See Exhibit C to Defendant's Request for Admissions.) The jury did award $20,000 against the defendant Vulcan Materials on the claim of nuisance.

The issue before this Court is whether the present action against the defendant State Farm Mutual Insurance Company by the Yorkes should be dismissed by reason of the doctrine of *res judicata* and/or collateral estoppel.

The Court finds that the doctrines of *res judicata* and collateral estoppel apply in this case and preclude the Yorkes and their privies from litigating in a subsequent action for blasting damage. The Court further finds that the requirements to apply collateral estoppel apply in this matter.

(1) *The parties to the prior and subsequent proceedings, or their privies, must be the same.*

In this case, the Yorkes' rights and the defendant State Farm's rights to recover against Vulcan Materials are the same because of State Farm's right of subrogation. Any verdict for the defendant Vulcan Materials not only would preclude the Yorkes from recovering as occurred in the federal case, but would also preclude State Farm from recovering in its subrogation claim because the liability issue is identical to both parties. Privity ordinarily involves a party so identical in interest with another that he represents the same legal right. In this case, State Farm's rights of subrogation as contained in its insurance contract with the Yorkes places State Farm in the same shoes as the Yorkes in regard to seeking a judgment for blasting damages.

(2) *The factual issue sought to be litigated actually must have been litigated and been essential to the judgment in the prior action.*

Because of the special verdict form presented by the judge to the jury in the federal court case (which has been filed as an Exhibit in this matter and described previously in this letter opinion), it is clear that the factual issue in the pending action was the same and was the essential issue.

(3) *The prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied.*

In the action in federal court, on April 6, 1999, the jury found that no blasting activities of the defendant Vulcan Materials were the cause of damages to the plaintiffs' home, and the final order was entered on May 3, 1999.

As a result of the insurance contract, State Farm is in privity with the plaintiffs Yorke because State Farm has a right to subrogate against the defendant, Vulcan Materials, which caused the blasting damage. State Farm's and the Yorkes' legal duties are mutual. For example, if the Court allowed this

case to go forward, and assuming the Yorkes received a $20,000 verdict against State Farm for blasting damages and then State Farm tried to enforce its contractual rights of subrogation, this Court believes that Vulcan Materials, because of its prior favorable verdict in federal court, could successfully sustain a plea of *res judicata* and collateral estoppel against State Farm.

Although its name has not been identified in the pleadings, the plaintiff has argued that Austin Powder Company (which had allegedly contracted with Vulcan Materials to do some blasting) would also be shown as a liable party in this second action. The Court would hold that this makes no difference and that any judgment against Vulcan Materials (being the operator and manager of the quarry) would be binding upon Austin Powder, since it would be the servant or agent of Vulcan Materials.

The Court hereby sustains the plea of *res judicata* and collateral estoppel and holds that no claim can be filed by the plaintiffs against State Farm in regard to blasting damages through the date of April 4, 1999.